# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN HUNTER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FISHER, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:19-cv-00625-AWI-BAM (PC)<br><br>ORDER REGARDING PLAINTIFF'S NOTICE TO PROCEED ON COGNIZABLE CLAIM(S)<br><br>(ECF No. 17) |

Plaintiff Nathan Hunter ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On August 30, 2019, the Court screened Plaintiff's complaint and found that Plaintiff stated a cognizable claim for excessive force in violation of the Eighth Amendment against Defendants Chi, Thompson, Fisher, and Hernandez in their individual capacities for the incident on January 2, 2018, but failed to state any other cognizable claims. The Court ordered Plaintiff to either file a first amended complaint or notify the Court in writing of his willingness to proceed only on the excessive force claim against Defendants Chi, Thompson, Fisher, and Hernandez, which would result in Plaintiff's voluntary dismissal of Defendant Ssenfuma and all other claims, per Federal Rule of Civil Procedure 41(a)(1)(i). (ECF No. 16.)

On September 18, 2019, Plaintiff notified the Court of his willingness to proceed on the cognizable claims identified by the Court. (ECF No. 17.) As explained in the Court's screening

1

order, this notification also results in Plaintiff's voluntary dismissal of Defendant Ssenfuma and all other claims pursuant to Rule 41(a). (ECF No. 16, p. 7.)

"[U]nder Rule 41(a)(1)(i), a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment." Commercial Space Mgmt. Co., Inc. v. Boeing Co., Inc., 193 F.3d 1074, 1077 (9th Cir. 1999) (quotation and citation omitted). "A plaintiff may dismiss some or all of the defendants, or some or all of his claims, through a Rule 41(a)(1) notice. The filing of a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subjects of the notice." Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997) (internal citations omitted). "[A] dismissal under Rule 41(a)(1) is effective on filing, no court order is required, the parties are left as though no action had been brought, the defendant can't complain, and the district court lacks jurisdiction to do anything about it." Commercial Space Mgmt., 193 F.3d at 1078.

No Defendants have been served in this action and no defendant has filed an answer or motion for summary judgment.

Accordingly, IT IS HEREBY ORDERED that:

1. This action will proceed on Plaintiff's complaint, filed May 9, 2019, (ECF No. 1), against Defendants Chi, Thompson, Fisher, and Hernandez for excessive force in violation of the Eighth Amendment;
2. All other claims and Defendant Ssenfuma are dismissed from this action by operation of law pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i); and
3. The Clerk of the Court is DIRECTED to terminate Defendant Ssenfuma on the docket.

IT IS SO ORDERED.

Dated: **September 19, 2019**         /s/ *Barbara A. McAuliffe*
                                                               UNITED STATES MAGISTRATE JUDGE