# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN HUNTER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FISHER, *et al.*,<br><br>　　　　Defendants. | Case No. 1:19-cv-00625-AWI-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR MODIFICATION OF DISCOVERY AND SCHEDULING ORDER WITHOUT PREJUDICE<br>(ECF No. 41)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION<br>(ECF No. 41)<br><br>**FOURTEEN (14) DAY DEADLINE** |

　　　　Plaintiff Nathan Hunter ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this action filed pursuant to 42 U.S.C. § 1983. This action proceeds against Defendants Cui,[1] Thompson, Fisher, and Hernandez for excessive force in violation of the Eighth Amendment.

　　　　On February 24, 2020, the Court issued a Discovery and Scheduling Order setting the deadlines for filing dispositive motions, motions to amend the pleadings, and the deadline for completion of discovery. (ECF No. 34.)

　　　　On April 15, 2020, Plaintiff filed the instant motion requesting an order for the Warden at Corcoran State Prison to give Plaintiff access to the law library, and/or an order staying the

---

[1] Erroneously sued as Defendant "Chi."

1

1  Discovery and Scheduling Order.  (ECF No. 41.)  Plaintiff states that as a result of COVID-19, his current institution has modified all aspects of prison operation in relation to prison officials, inmates, and programs.  This has directly affected Plaintiff in studying law, preparing motions, legal copies, legal supplies, etc.  Plaintiff argues that despite informing prison officials that he needs to access the law library and showing them the Court's Discovery and Scheduling Order, prison officials haven't allowed Plaintiff access to resources to address any legal matter or aspect of this civil action.  Plaintiff further argues that he cannot properly prepare a motion or respond to any of Defendants' motions without access to the library under the current state of operations at his institution.  Plaintiff therefore requests the Court issue an order for the Warden of Corcoran State Prison to give Plaintiff access to the law library, and/or to issue a stay of the Discovery and Scheduling Order.  (Id.)

The Court construes the request as a motion for preliminary injunction and a motion for modification of the Discovery and Scheduling Order.  Defendants have not yet had an opportunity to respond, but the Court finds a response unnecessary.  The motions are deemed submitted.  Local Rule 230(l).

**I.      Motion for Preliminary Injunction**

"A preliminary injunction is an extraordinary remedy never awarded as of right."  Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Id. at 20 (citations omitted).  An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief.  Id. at 22 (citation omitted).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy.  City of L.A. v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc., 454 U.S. 464, 471 (1982).  If the Court does not have an actual case or controversy before it, it has no

power to hear the matter in question.  Id.  Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Furthermore, the pendency of this action does not give the Court jurisdiction over prison officials in general.  Summers v. Earth Island Inst., 555 U.S. 488, 491–93 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010).  The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding.  Summers, 555 U.S. at 491−93; Mayfield, 599 F.3d at 969.

Plaintiff has not met the requirements for the injunctive relief he seeks in this motion. Plaintiff is requesting that the Court issue an order requiring the Warden of Corcoran State Prison to allow Plaintiff to use the law library.  The Warden is not a party to this action.  "A federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. U.S. Immigration Serv., 753 F.2d 719, 727 (9th Cir. 1985).  Thus, the Court must deny Plaintiff's motion because it lacks jurisdiction over the Warden of Corcoran State Prison.

Further, Plaintiff's motion makes no showing that he will suffer irreparable harm in the absence of an injunction, that the balance of equities tips in his favor, or that an injunction is in the public interest.  Plaintiff has not alleged that he is at risk of missing any particular deadline in this action or that he is currently attempting to draft or research a specific motion to be filed in this action, and the Court has no pending motions filed by Defendants which would require the filing of a response from Plaintiff.  Should Plaintiff need additional time to complete legal research or to draft any particular motion or response, he may file a motion asking the Court to extend the applicable deadline at that time.

///

///

**II.     Motion to Modify Discovery and Scheduling Order**

Plaintiff also requests that the Court issue an order staying the Discovery and Scheduling Order to preserve Plaintiff's right to prosecute this action. (ECF No. 41.) The district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997) (citing Landis v. North American Co., 299 U.S. 248, 254 (1936)). "Generally, stays should not be indefinite in nature." Dependable Highway Exp., Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1066–67 (9th Cir. 2007). If a stay is especially long or its term is indefinite, a greater showing is required to justify it. Yong v. I.N.S., 208 F.3d 1116, 1119 (9th Cir. 2000). The party seeking the stay bears the burden of establishing the need to stay the action. Clinton, 520 U.S. at 708.

Plaintiff has not met his burden of establishing a need to stay this action. As noted above, Plaintiff has not identified any particular deadlines that he is at risk of missing, or any particular motions or discovery responses that he has been unable to prepare due to his limited access to the law library. Plaintiff has not specified the length of the stay requested, and due to the uncertain and changing circumstances surrounding CDCR's response to COVID-19, the Court declines to grant a request for an indefinite stay of this action. Again, if Plaintiff requires additional time to meet a specific deadline in the future, he may file a motion setting forth good cause for the extension of that deadline.

**III.    Order and Recommendation**

Accordingly, it is HEREBY ORDERED that Plaintiff's motion for modification of the Discovery and Scheduling Order, (ECF No. 41), is DENIED

Further, it is HEREBY RECOMMENDED that Plaintiff's motion for preliminary injunction, (ECF No. 41), be DENIED for lack of jurisdiction.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the

specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 16, 2020**          /s/ Barbara A. McAuliffe
                                    UNITED STATES MAGISTRATE JUDGE