1

2

3

4

5

6 # UNITED STATES DISTRICT COURT

7 ### EASTERN DISTRICT OF CALIFORNIA

8

9  NATHAN HUNTER,                          Case No.  1:19-cv-00625-AWI-BAM (PC)

10             Plaintiff,                   ORDER GRANTING DEFENDANTS'
                                            MOTION TO MODIFY SCHEDULING
11       v.                                 ORDER

12  FISHER, *et al.*,                       (ECF No. 43)

13             Defendants.                  **Exhaustion Motion Deadline: June 8, 2020**

14

15          Plaintiff Nathan Hunter ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma*

16 *pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds against

17 Defendants Cui,[1] Thompson, Fisher, and Hernandez for excessive force in violation of the Eighth

18 Amendment.

19          Pursuant to the Court's February 24, 2020 Discovery and Scheduling Order, the deadline

20 for filing motions for summary judgment for failure to exhaust administrative remedies is May

21 24, 2020.  (ECF No. 34.)

22          Currently before the Court is Defendants' May 22, 2020 motion to modify the scheduling

23 order to extend the deadline to file a motion for summary judgment for failure to exhaust

24 administrative remedies until June 8, 2020.  (ECF No. 43.)  Although Plaintiff has not had an

25 opportunity to respond to the motion, the Court finds a response unnecessary and the motion is

26 deemed submitted.  Local Rule 230(l).

27

28 _____

[1] Erroneously sued as Defendant "Chi."

1

Pursuant to Rule 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard "primarily considers the diligence of the party seeking the amendment." <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 609 (9th Cir. 1992). The court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." <u>Id.</u> If the party was not diligent, the inquiry should end. <u>Id.</u>

Defense counsel states that good cause exists to modify the scheduling order because the motion requires a declaration signed by the Associate Director of the California Department of Corrections and Rehabilitation's Office of Appeals (OOA). (ECF No. 43.) The declaration was sent to OOA on May 13, 2020, for review and signature. However, the OOA recently appointed a new Associate Director responsible for reviewing and signing declarations regarding the issue of exhaustion at the final level, and counsel was informed that the current estimated time for processing declarations is approximately three weeks from initial receipt, whereas the previous processing time was three to four business days. Defendants therefore request an additional two weeks in order to obtain this declaration in support of Defendants' motion for summary judgment for failure to exhaust. Defendants argue that if the motion is successful, it would dispose of Plaintiff's entire case. (<u>Id.</u>)

Having considered Defendants' request, the Court finds good cause to continue the exhaustion motion deadline in this action. The Court finds that Plaintiff will not be prejudiced by the brief extension requested here.

Based on the foregoing, Defendants' motion to modify the scheduling order, (ECF No. 43), is HEREBY GRANTED. Motions for summary judgment for failure to exhaust administrative remedies shall be filed on or before **June 8, 2020**.

IT IS SO ORDERED.

Dated:   **May 27, 2020**                              /s/ *Barbara A. McAuliffe*
                                                   UNITED STATES MAGISTRATE JUDGE