# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN HUNTER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FISHER, *et al.*,<br><br>　　　　Defendants. | Case No. 1:19-cv-00625-AWI-BAM (PC)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO STAY DISCOVERY<br>(ECF No. 49)<br><br>ORDER REQUIRING DEFENDANTS TO RE-SERVE MOTION FOR SUMMARY JUDGMENT WITH RAND WARNING TO PLAINTIFF'S CORRECT ADDRESS OF RECORD<br>**SEVEN (7) DAY DEADLINE**<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME AS MOOT<br>(ECF No. 52) |

Plaintiff Nathan Hunter ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendants Cui,[1] Thompson, Fisher, and Hernandez for excessive force in violation of the Eighth Amendment.

**I.    Procedural Background**

On June 8, 2020, Defendants filed a motion for summary judgment on the ground that Plaintiff failed to properly exhaust his available administrative remedies with respect to the

---

[1] Erroneously sued as Defendant "Chi."

1

allegations asserted in this action.  (ECF No. 46.)  The Court issued a second informational order containing the required Rand notice and extended the deadline for Plaintiff to file his opposition.  (ECF No. 47.)  Pursuant to that order, Plaintiff's opposition is due on or before July 6, 2020.[2]

On June 26, 2020, Defendants filed a motion to stay merits-based discovery and to vacate the discovery and dispositive motion deadlines in the Court's Discovery and Scheduling Order, filed June 26, 2020.  (ECF No. 49.)  Pursuant to the Court's February 24, 2020 Discovery and Scheduling Order, the deadline for the completion of all discovery is October 24, 2020, and the deadline for filing all dispositive motions is January 4, 2021.  (ECF No. 34.)

On June 29, 2020, Defendants filed an amended declaration of service indicating that the motion for summary judgment was previously served on Plaintiff at an incorrect address, and the motion for summary judgment was being re-served on Plaintiff at his correct address.  (ECF No. 51.)  The amended declaration includes a list of the documents to be re-served, and the Court notes that it does not appear that a Rand notice was included in the attachments.[3]

Also on June 29, 2020, Plaintiff filed a request for a fourteen-day extension of time to file his opposition to the summary judgment motion.  (ECF No. 52.)  It appears that Plaintiff received a copy of the original summary judgment motion when his mail was forwarded from his old institution.  (Id.)

Although Plaintiff has not had the opportunity to file a response to Defendants' motion to stay discovery, and Defendants have not had the opportunity to file a response to Plaintiff's motion for extension of time, the Court finds responses unnecessary.  The motions are deemed

---

[2] Pursuant to the June 9, 2020 second informational order, the deadline for Plaintiff's opposition was extended to within twenty-one (21) days from the date of service of that order. Taking into account the additional three days accorded to Plaintiff following service of the order by mail, as well as the Court's closure on July 3, 2020, Plaintiff's opposition would be due on or before July 6, 2020. Fed. R. Civ. P. 6(d). In addition, pursuant to the prison mailbox rule, a pleading filed by a *pro se* prisoner is deemed to be filed as of the date the prisoner delivered it to the prison authorities for mailing to the court clerk. See Houston v. Lack, 487 U.S. 266, 270 (1988); Douglas v. Noelle, 567 F.3d 1103, 1108–09 (9th Cir. 2009) (mailbox rule articulated in Houston applies to civil rights actions). Thus, contrary to Defendants' assertion, Plaintiff's opposition is not due on June 29, 2020. (See ECF No. 49, p. 3.)

[3] Assuming Defendants have merely re-served the same documents originally filed with the Court on June 8, 2020, there would again be no Rand notice included. (See ECF Nos. 46, 47.)

submitted.  Local Rule 230(l).

**II.     Defendants' Motion to Stay Discovery and Vacate Deadlines**

Pursuant to Rule 16(b), a scheduling order "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  The "good cause" standard "primarily considers the diligence of the party seeking the amendment."  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  The court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension."  Id.  If the party was not diligent, the inquiry should end.  Id.

In their motion, Defendants argue that the pending motion for summary judgment for failure to exhaust administrative remedies will potentially dispose of the entire case, the parties and the Court do not require additional information to decide the motion, and the expenditure of resources required to conduct discovery and prepare a motion for summary judgment on the merits will be needless if the Court grants Defendants' motion. (ECF No. 49.)  Defendants indicate the Plaintiff has already served written discovery requests on all four Defendants.  Defendants therefore request that the Court stay discovery until the motion for summary judgment on the issue of exhaustion is resolved, and vacate the deadlines for discovery and dispositive motions, to be reset in the event that Defendants' motion for summary judgment is denied.  (Id.)

Having considered Defendants' moving papers, the Court finds good cause to vacate the discovery and dispositive motion deadlines in this action.  Defendants have been diligent in filing the dispositive motion, and it would be a waste of the resources of the Court and the parties to require the preparation of potentially unnecessary merits-based discovery or the filing of unnecessary dispositive motions.  <u>However, to the extent Plaintiff has served discovery requests relating to the issue of exhaustion of administrative remedies, Defendants are not relieved of their existing obligation to timely respond to those requests</u>.  Finally, the Court finds that Plaintiff will not be prejudiced by the relief requested, as the Court will reset the applicable deadlines, if necessary, following a ruling on the pending motion.

///

**III.     Plaintiff's Motion for Extension of Time to File Opposition**

In his motion, Plaintiff explains that counsel for Defendants has been serving documents on Plaintiff's old address, which Plaintiff updated with the Court on March 16, 2020.  (See ECF No. 40.)  Plaintiff further states that his current institution is under a modified program, where the librarian is only on site two days per week, and Plaintiff can only gain access to the law library when the librarian is present.  Plaintiff requires access to the law library to obtain legal copies and supplies and to access the legal computer and other legal materials.  (ECF No. 52.)

As indicated by Defendants' amended declaration of service, Defendants only recently became aware that they had served their motion for summary judgment at an incorrect address. (ECF No. 51.)  As Plaintiff was not properly served with the motion on June 8, 2020 when it was originally filed, the Court finds Plaintiff's motion for extension of time is unnecessary, as the deadline for filing his opposition has not yet expired.

In addition, because it appears Defendants have again failed to include the required Rand notice together with their motion for summary judgment, the Court finds it appropriate to order Defendants to re-serve the motion for summary judgment, **including the required Rand notice**, at Plaintiff's correct address of record.  Defendants shall file an amended certificate of service clearly indicating that the required attachment was included, the date of service, and the correct address.

**Plaintiff is therefore informed that the new deadline for filing his opposition will not begin to run until the date of re-service of the motion for summary judgment and Rand notice**.  Plaintiff's opposition will be due twenty-one days—plus an additional three days for mailing, pursuant to Federal Rule of Civil Procedure 6(d)—from the date of re-service of the motion for summary judgment and Rand notice.  The instant motion for extension of time is therefore moot.

**IV.     Order**

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. Defendants' motion to stay discovery, (ECF No. 49), is GRANTED;
2. All merits-based discovery is STAYED, as discussed above;

3. The discovery and dispositive motion deadlines are VACATED;

4. As necessary and appropriate, the Court will reset the deadlines following resolution of the pending motion for summary judgment for failure to exhaust administrative remedies;

5. Within **seven (7) days** from the date of service of this order, Defendants shall re-serve the pending motion for summary judgment, **including the required Rand notice**, and file an amended certificate of service, as discussed above;

6. Plaintiff's motion for extension of time to file opposition, (ECF No. 52), is DENIED as moot; and

7. The deadline for Plaintiff's opposition to Defendants' motion for summary judgment will be calculated based on the date of re-service of the motion for summary judgment, as discussed above.

IT IS SO ORDERED.

Dated: **July 6, 2020**        /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE