# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN HUNTER,<br><br>        Plaintiff,<br><br>    v.<br><br>FISHER, *et al.*,<br><br>        Defendants. | Case No. 1:19-cv-00625-AWI-BAM (PC)<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY<br><br>(ECF No. 59)<br><br>**Defendants' Discovery Responses Due: Thirty (30) Days**<br><br>**Plaintiff's Supplemental Opposition Due: Sixty (60) Days** |

Plaintiff Nathan Hunter ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendants Cui,[1] Thompson, Fisher, and Hernandez for excessive force in violation of the Eighth Amendment.

**I.    Procedural Background**

On June 8, 2020, Defendants filed a motion for summary judgment on the ground that Plaintiff failed to properly exhaust his available administrative remedies. (ECF No. 46.) As a result of Defendants' failure to serve Plaintiff at his correct address of record as well as to include the required Rand warning with their motion for summary judgment, Defendants' motion was re-

---

[1] Erroneously sued as "Chi."

1

served several times and the Court accordingly extended Plaintiff's opposition deadline. (See ECF Nos. 47, 51, 53, 55, 56.) Plaintiff filed an opposition on July 7, 2020, before the final re-service of Defendants' motion, and another nearly identical opposition on July 17, 2020. (ECF Nos. 54, 58.) Defendants filed a reply to Plaintiff's first opposition on July 14, 2020, and did not file a reply to the second opposition. (ECF No. 57.)

During briefing on the motion for summary judgment, Defendants filed a motion to stay merits-based discovery and vacate dispositive motion deadlines set in the Court's discovery and scheduling order. (ECF No. 49.) On July 6, 2020, the Court granted the motion and stayed all merits-based discovery until after the pending motion for summary judgment is resolved. (ECF No. 53.) The Court also noted that, "<u>to the extent Plaintiff has served discovery requests relating to the issue of exhaustion of administrative remedies, Defendants are not relieved of their existing obligation to timely respond to those requests</u>." (Id. at 3 (emphasis in original).)

## II.     Plaintiff's Motion to Compel Discovery Responses

Currently before the Court is Plaintiff's motion to compel discovery, filed August 12, 2020. (ECF No. 59.) Defendants filed an opposition on September 3, 2020. (ECF No. 60.) Plaintiff has not filed a reply and the deadline to do so has expired. The motion is deemed submitted. Local Rule 230(l).

In his motion, Plaintiff argues that he properly filed discovery requests, and Defendants did not respond. (ECF No. 59.) Plaintiff notes that the Court's July 6, 2020 order found that Defendants remained obligated to respond to Plaintiff's outstanding discovery requests, and therefore requests that Defendants be compelled to respond to Plaintiff's requests. (Id.) Plaintiff has attached copies of his first set of interrogatories to Defendants and his request for production of documents, which are both dated May 21, 2020. (Id. at 4–9.)

In opposition, Defendants argue that the motion to compel should be denied because discovery in this case is currently stayed pending resolution of Defendants' exhaustion-based motion for summary judgment. (ECF No. 60.) Moreover, Plaintiff does not argue that Defendants' responses to his discovery requests are needed to oppose Defendants' exhaustion motion, and Plaintiff has already opposed the exhaustion motion. (Id.)

2

**A.     Discussion**

As noted above, in the July 6, 2020 order staying merits-based discovery in this action, the Court specifically stated that, "<u>to the extent Plaintiff has served discovery requests relating to the issue of exhaustion of administrative remedies, Defendants are not relieved of their existing obligation to timely respond to those requests</u>." (ECF No. 53, p. 3.) Plaintiff's discovery requests are dated May 21, 2020. (ECF No. 59, pp. 6, 9.) As Defendants have not claimed that they never received Plaintiff's requests, or clarified the date on which the requests were received, the Court will treat the requests as served on May 21, 2020. Accordingly, pursuant to the Court's February 24, 2020 discovery and scheduling order, responses to Plaintiff's written requests were due forty-five days later, or by July 6, 2020. (ECF No. 34, p. 1.)

Defendants filed their motion to stay merits-based discovery on June 26, 2020. (ECF No. 49.) The Court granted the stay on July 6, 2020, including the clarification noted above that Defendants remained obligated to respond to outstanding exhaustion-related discovery requests. (ECF No. 53.) As Defendants could not have known whether the Court would grant the stay, or if granted, precisely when such an order would be issued, Defendants should have been preparing responses to Plaintiff's discovery requests in order to meet the applicable deadlines set forth in the discovery and scheduling order. Furthermore, once the Court's order clarified Defendants' continuing obligation to respond to exhaustion-related requests, their responses should have been served shortly thereafter. Defendants apparently made no attempt to do so.

Defendants' arguments that Plaintiff does not state that he needs any of the responses to oppose the summary judgment motion, and that he has already filed his opposition in any case, are not well taken. Plaintiff's failure to include this specific contention in his motion to compel does not absolve Defendants of their failure to comply with the Court's discovery and scheduling order prior to the completion of briefing on the summary judgment motion. In addition, had Defendants timely responded to Plaintiff's discovery requests on or before July 6, 2020, he could have included such information in his opposition, which was ultimately not due until August 3, 2020, based on the date of re-service of the summary judgment motion. (<u>See</u> ECF Nos. 53, 56.)

///

Upon review of Plaintiff's discovery requests, the Court finds that some of the requests relate to issues of Plaintiff's exhaustion of administrative remedies, and as such warranted timely responses from Defendants. Plaintiff has only included Interrogatories Nos. 3, 4, and 5, but none of these requests appear to relate to the issue of exhaustion. However, Plaintiff's Requests for Production of Documents Nos. 2, 3, 4, 5, 7, and 9 all appear to relate to the issue of exhaustion.

### III. Conclusion and Order

Defendants had a continuing obligation—both before and after the stay of merits-based discovery was issued—to provide timely responses to Plaintiff's exhaustion-based discovery requests. Defendants failed to do so, and therefore Plaintiff will be afforded an opportunity to supplement his opposition to the pending summary judgment motion with the benefit of those responses.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to compel discovery responses, (ECF No. 59), is GRANTED IN PART;
2. Defendants shall serve responses to Plaintiff's Requests for Production of Documents Nos. 2, 3, 4, 5, 7, and 9 within **thirty (30) days** from the date of service of this order;
3. Plaintiff shall file a supplemental opposition to Defendants' motion for summary judgment for failure to exhaust administrative remedies within **sixty (60) days** from the date of service of this order; and
4. Defendants shall file a supplemental reply, if any, within **seven (7) days** from the date of filing of Plaintiff's supplemental opposition.

IT IS SO ORDERED.

Dated:   **September 24, 2020**        /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE