# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN HUNTER,<br><br>          Plaintiff,<br><br>     v.<br><br>FISHER, *et al.*,<br><br>          Defendants. | Case No. 1:19-cv-00625-AWI-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS<br><br>(ECF No. 70) |

Plaintiff Nathan Hunter ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendants Cui,[1] Thompson, Fisher, and Hernandez for excessive force in violation of the Eighth Amendment. Currently pending before the Court is Defendants' motion for summary judgment for failure to exhaust administrative remedies, which is fully briefed.

On December 14, 2020, Plaintiff filed the instant motion for sanctions in response to Defendants reply to Plaintiff's supplemental opposition to the pending motion for summary judgment. (ECF No. 70.) Defendants have not had an opportunity to respond to Plaintiff's motion, but the Court finds a response unnecessary. The motion is deemed submitted. Local Rule 230(l).

---

[1] Erroneously sued as "Chi."

1

In his motion, Plaintiff states that in their reply brief, Defendants failed to provide the full text of Cal. Code Regs. tit. 15, § 3268.1(e)(2)(D) because they left out the first five words of that subsection. (ECF No. 70.) Plaintiff argues that Defendants and their counsel intentionally left out these words to oppress Plaintiff and the integrity of the letter of the law, and that this action is outrageously harmful in ways that prejudice this action and could mislead the Court. Plaintiff requests an order of sanctions by the Court to order Defendants and their counsel to stop oppressing the integrity of the letter of the law by doing deceitful practices. (Id.)

Courts have the "inherent power to levy sanctions, including attorneys' fees, for 'willful disobedience of a court order . . . or when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" Fink v. Gomez, 239 F.2d 989, 991 (9th Cir. 2001) (quoting Roadway Express, Inc. v. Pipe, 447 U.S. 752, 766 (1980)). Under the court's inherent power, sanctions are only available "if the court specifically finds bad faith or conduct tantamount to bad faith." Id. at 994. Conduct that is tantamount to bad faith includes "recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose." Id.

Plaintiff has presented no evidence of bad faith on the part of Defendants or defense counsel, other than his own conclusory assertions, that would support the imposition of sanctions here. Although Plaintiff is correct that Defendants did not include the first five words of the cited subsection, there is no indication that the omission was intentional or for any improper purpose. Further, the omission is not material to the substance of Defendants' reply, nor does it appear to prejudice Plaintiff or the Court in any identifiable way.

Accordingly, Plaintiff's motion for sanctions, (ECF No. 70), is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   **December 15, 2020**          /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE