# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN HUNTER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>FISHER, *et al.*,<br><br>　　　　Defendants. | Case No. 1:19-cv-00625-AWI-BAM (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT<br>(ECF No. 62)<br><br>ORDER DIRECTING CLERK OF COURT TO FILE FIRST AMENDED COMPLAINT LODGED OCTOBER 8, 2020<br>(ECF No. 63)<br><br>ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST, WITHOUT PREJUDICE TO RE-FILING<br>(ECF No. 46)<br><br>ORDER FOR DEFENDANTS TO RE-FILE MOTION FOR SUMMARY JUDGMENT OR NOTICE OF INTENT NOT TO RE-FILE WITHIN **THIRTY (30) DAYS** |

**I.   Procedural Background**

Plaintiff Nathan Hunter ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds against Defendants Cui, Thompson, Fisher, and Hernandez for excessive force in violation of the Eighth Amendment.

On June 8, 2020, Defendants filed a motion for summary judgment on the ground that Plaintiff failed to properly exhaust his available administrative remedies. (ECF No. 46.) Defendants' motion for summary judgment was re-served several times, with appropriate extensions of Plaintiff's opposition deadline. (*See* ECF Nos. 47, 51, 53, 55, 56.) Plaintiff filed an opposition on July 7, 2020, before the final re-service of Defendants' motion, and another nearly identical opposition on July 17, 2020. (ECF Nos. 54, 58.) Defendants filed a reply to Plaintiff's first opposition on July 14, 2020. (ECF No. 57.) Following a brief discovery dispute, Plaintiff filed a supplemental opposition on November 12, 2020, (ECF No. 66), and Defendants timely filed a reply to the supplemental opposition on December 3, 2020, (ECF No. 69). The motion is fully briefed.

On October 8, 2020, during the briefing on Defendants' summary judgment motion, Plaintiff filed a motion for leave to amend the complaint, together with a proposed first amended complaint. (ECF Nos. 62, 63.) Defendants did not file a response, and the deadline to do so has expired.

Currently before the Court are Defendants' motion for summary judgment for failure to exhaust available administrative remedies and Plaintiff's motion to amend the complaint. The motions are deemed submitted. Local Rule 230(l).

**II.     Motion to Amend**

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). "Rule 15(a) is very liberal and leave to amend shall be freely given when justice so requires." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citation and quotation omitted). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *Id.*

///

2

In his motion, Plaintiff states that he requests leave to amend the complaint because Defendants' motion for summary judgment was filed only to address exhaustion. (ECF No. 62.) Plaintiff states that he received his Third Level decision, exhausting his administrative grievances. (*Id.*)  A copy of the decision from the Office of Appeals, dated August 21, 2020, is attached to Plaintiff's proposed first amended complaint as Exhibit A. (ECF No. 63, p. 9.)

Pursuant to the Court's February 24, 2020 discovery and scheduling order, all stipulated amendments or motions to amend pleadings were to be filed by August 24, 2020. (ECF No. 34, p. 2.) As Plaintiff's motion to amend was not filed until October 8, 2020 (and was not mailed until October 4, 2020), it is technically untimely.

Nevertheless, Defendants' failure to file an opposition or otherwise respond to Plaintiff's motion to amend and proposed first amended complaint is deemed a waiver of any opposition to the granting of the motion and the Court therefore considers the motion unopposed. Local Rule 230(l).

In considering the relevant factors, the Court finds no evidence of bad faith, undue delay in litigation, or futility. It appears Plaintiff filed his motion and proposed amended complaint as soon as practicable following Plaintiff's receipt of the Third Level decision on his grievance. Further, as the motion is unopposed, the Court finds no evidence of prejudice to Defendants.

The Court has reviewed the lodged first amended complaint and notes that Plaintiff has essentially re-written the allegations of the original complaint, aside from correcting the spelling of Defendant Cui's name, adding information about the exhaustion of his administrative remedies, and excluding claims and defendants already dismissed during the prior screening of the complaint. To the extent the first amended complaint does contain allegations related to claims or defendants already dismissed by the prior screening order, the Court clarifies that the only claims proceeding are the claims against Defendants Cui, Thompson, Fisher, and Hernandez for excessive force in violation of the Eighth Amendment.

**III.     Defendant's Motion for Summary Judgment in Light of *Saddozai v. Davis***

During the pendency of the parties' motions, the United States Court of Appeals for the Ninth Circuit decided the case of *Saddozai v. Davis*, 35 F.4th 705 (9th Cir. 2022). The parties

have not filed any briefs addressing the potential effect of *Saddozai* on the instant action, nor has the Court yet ordered briefing.

In *Saddozai*, the Ninth Circuit held that "a prisoner who has fully complied with the PLRA's exhaustion requirement need not file an entirely new federal case simply because he had not exhausted when he filed his original federal complaint." *Id.* at 706.  Further, because a supplemental complaint can defeat an affirmative defense applicable to an earlier complaint, Federal Rule of Civil Procedure 15 allows prisoners to supplement a complaint to add facts regarding administrative exhaustion. *Id.* at 709.

In light of the filing of Plaintiff's first amended complaint, the alleged exhaustion of Plaintiff's relevant administrative grievance as of August 21, 2020, and the Ninth Circuit's decision in *Saddozai*, the Court finds that the current briefing on Defendants' motion for summary judgment is no longer sufficient to decide the motion.  Therefore, to allow all parties an opportunity to address the potential changed circumstances of this action, the Court denies the pending motion for summary judgment for failure to exhaust administrative remedies, without prejudice to re-filing, if appropriate.

Defendants are permitted thirty days to re-file their motion for summary judgment on the issue of exhaustion, including a discussion as to the applicability of *Saddozai* to the instant action and Plaintiff's first amended complaint, if appropriate.  If a motion is re-filed, the deadlines for Plaintiff's opposition and Defendants' reply brief shall follow Local Rule 230(l).

In the alternative, Defendants may file a notice that they do not intend to re-file a motion for summary judgment on the issue of exhaustion.

**IV.   Order**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to amend complaint, (ECF No. 62), is GRANTED;
2. The Clerk of the Court is directed to file the first amended complaint lodged on October 8, 2020, (ECF No. 63), as the operative complaint in this action;
3. Defendants' motion for summary judgment, (ECF No. 46), is DENIED, without prejudice to re-filing;

4

4. Within **thirty (30) days** from the date of service of this order, Defendants are DIRECTED to either:

    a. Re-file their motion for summary judgment on the issue of exhaustion, including a discussion as to the applicability of *Saddozai v. Davis*, 35 F.4th 705 (9th Cir. 2022), to the instant action and Plaintiff's first amended complaint; or

    b. File a notice that they do not intend to re-file their motion for summary judgment on the issue of exhaustion; and

5. <u>If Defendants fail to file a response in compliance with this order, the Court will deem the issue of exhaustion waived</u>.

IT IS SO ORDERED.

Dated:   **January 26, 2023**          /s/ Barbara A. McAuliffe          _
                                        UNITED STATES MAGISTRATE JUDGE